In the Matter of the Claim for Benefits under Article 18 of the Labor Law, Made by MARGARET H. FISCHER, Claimant. FRIEDA S. MILLER, as Industrial Commissioner, Appellant; LILI SAPORTAS, INC., Employer, Respondent.— Motion for reargument denied. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

SAMUEL SMYTH, JR., Respondent, v. JAMES S. McDONOGH, Appellant.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Application of NEWMAN LAKE HOUSE, INC., Petitioner, for an Order of Review, against HENRY E. BRUCKMAN, Chairman, JOSEPH M. RYAN and Others, Constituting the State Liquor Authority of the State of New York, Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

C. LYLE HANER, Appellant, v. BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF GILBOA, BLENHEIM, BROOME AND CONESVILLE, SCHOHARIE COUNTY, Respondent.— Appeal from a judgment of the County Court of Schoharie County, which reversed a judgment of a Justice's Court in favor of the plaintiff and against the defendant. The action was commenced by the plaintiff to recover forty dollars for services rendered the defendant-respondent under a written contract between the parties whereby the plaintiff-appellant agreed to transport school children to a main bus line. Plaintiff-appellant owned two farms, one known as the Haner Lower Farm, and the other known as the Haner Upper Farm. Under the contract, defendant-respondent agreed to pay to the plaintiff-appellant the sum of two dollars per school day for conveying children residing along a certain route in a horse-drawn vehicle. Paragraph 1 of the contract provides: " 1. That transportation will be provided as set forth herein from Upper Haner Farm when occupied to main bus line at Tuttle's Corner and return." It is conceded that the upper farm had not been occupied during the twenty days for which action to recover forty dollars was commenced. The county judge found that the contract was unambiguous and that there was no requirement to pay for transportation except when the upper Haner farm was occupied. We think that the evidence clearly sustains the decision of the County Court. The judgment and order appealed from should be affirmed. Judgment and order appealed from unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.